## INDUSTRIAL BANK OF WASHINGTON v. DISTRICT OF COLUMBIA.

### No. 10793.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1951.

Decided March 1, 1951.

George E. C. Hayes, Washington, D.C., for petitioner.

George C. Updegraff, Asst. Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondents.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Petitioner asks review of a ruling of the Board of Tax Appeals for the District of Columbia that the board lacked jurisdiction of an appeal by petitioner so far as the appeal related to the second half of a gross-earnings tax assessed for the fiscal year ending June 30, 1947. D.C.Code (1940) § 47–2403, 52 Stat. 371, provides that "Any person aggrieved by any assessment by the District against him of any * * * gross-earnings * * * taxes * * * may, within ninety days after notice of such assessment, appeal from such assessment to the board, provided such person shall first pay such tax * * * under protest in writing." The board found as facts that "Petitioner, under protest in writing, paid one-half of the amount of the assessment, namely, $2,461.46 on February 13, 1947, and on March 14, 1947, appealed to this Board (No. 1012). On March 17, 1947, it paid the remaining one-half, not accompanied by, or followed by a protest in writing. On April 7, 1950, it filed a motion to amend its petition by showing the payment of the second half of the tax."[1]

Petitioner says the board's finding that payment of the second half of the tax was not accompanied by a protest in writing is clearly erroneous. We need not consider that question. Petitioner's appeal to the board showed on its face, and petitioner's motion to amend it admitted, that the appeal was taken before the second half of the tax was paid. The board so found. Petitioner does not attack this finding.

1. The board also made an amended finding to the effect that petitioner mailed a check for the second half of the tax on March 14 and the Collector received it on or about March 17, 1947.

The statutory requirement that one who appeals to the board from an assessed tax shall "first pay such tax" is clearly jurisdictional. Cf. District of Columbia v. Mc-Fall, 88 U.S.App.D.C. ——, 188 F.2d 991. The board's conclusion that it lacked jurisdiction in respect to the second half of the tax was therefore correct, irrespective of the factual premise on which it was based.

The District filed no cross-petition for review and has not brought here the question whether the board had jurisdiction in respect to the first half of the tax.

Affirmed.